UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON EFRAIN ALVARADO-ZARABIA,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-04144-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

Based on the Government's new interpretation of 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens present in the United States without admission, Petitioner Nelson Efrain Alvarado-Zarabia is being detained without the opportunity for a bond hearing. This matter is before the Court on Petitioner's writ of habeas corpus. Dkt. No. 1. For the reasons explained below, the Court GRANTS the Petition.

## I. BACKGROUND

Petitioner is a native of El Salvador and entered the United States without inspection on August 3, 2012. Dkt. No. 1 ¶¶ 1, 15. Based on the record before the Court, Petitioner did not encounter immigration authorities at or near the border at the time of entry. Following his entry into the country, Petitioner began working in construction and supports his family financially. *Id* ¶ 27. His three children and partner also live with Petitioner in the United States. *Id.* ¶¶ 17, 27. Though the date is unclear based on the records before the Court, Petitioner applied for asylum at some point. *Id.* ¶ 18. The Department of Homeland Security ("DHS") also served Petitioner with a Notice to Appear on November 3, 2023, placing him in removal proceedings under section 240 of the Immigration and Nationality Act and setting his next hearing date for May 18, 2027. Dkt.

United States District Court
Eastern District of California

No. 6-2 at 1.

On March 6, 2026, Petitioner was stopped by U.S. Immigration and Customs Enforcement ("ICE") while he was driving to work, and he has remained detained since. Dkt. No. 1 ¶ 18. He alleges that DHS has refused to provide him with a substantive bond hearing to determine whether his continued detention is justified based on flight risk or dangerousness. *Id.* ¶ 20. Indeed, he claims to have no criminal history except for a minor infraction for driving without a license—an allegation which Respondents do not dispute. *Id.* ¶ 25.

While Petitioner was detained, his May 18, 2027 hearing date for his removal proceedings listed in his Notice to Appear was evidentially pushed up, as he was ordered removed by an immigration judge on June 22, 2026. Petitioner timely appealed that order, so there remains no final order of removal.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

According to Petitioner, 8 U.S.C. § 1226(a)—which provides for a bond hearing—controls his arrest and detention. *Id.* ¶¶ 60–62. He argues that his continued detention without the opportunity for a bond hearing violates the Immigration and Nationality Act ("INA") and the due process clause. *Id.* ¶¶ 59–74. As a remedy for the Government's unlawful detention, he requests

that he immediately be released from custody, or, in the alternative, be provided with a prompt individualized custody hearing before a neutral decisionmaker. *Id.* at 12–13. Respondents argue in opposition that "Petitioner is [] an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)[,]" and, therefore, not entitled to release on bond. Dkt. No. 6 at 2.

Respondents' argument that Petitioner's detention is mandatory under §1225(b)(2) has been overwhelmingly rejected throughout this District as it "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *see also*, *Sandigo Manzanez v. Bondi*, No. 1:25-cv-01536-DC-CKD (HC), 2025 WL 3247258, *3 (E.D. Cal. Sept. 3, 2025) ("[T]he legal arguments Respondents rely upon to support their position that section 1225 applies here have been consistently rejected by a majority of courts in this district, and courts across the country."); *Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026) (collecting cases). The Court concurs with these prior, well-reasoned opinions, and concludes that Petitioner is not subject to mandatory detention under § 1225(b)(2), and that his detention, bond, and release are instead governed by § 1226(a).

Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." An authorized immigration official makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge who may release the noncitizen on bond or conditional parole. *See* 8 C.F.R. § 1236.1(c)(8), (d)(1); *Perez v. Lyons*, 823 F. Supp. 3d 1102, 1108 (E.D. Cal. 2026) (explaining that detention under § 1225 is mandatory, whereas § 1226 creates a discretionary framework under which noncitizens may be released on bond or conditional parole).

"Petitioner was entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing[,]" but was not provided any of those processes. *Perez v. Warden*,

No. 2:26-CV-01335-DJC-AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026) (ordering release where Petitioner was unlawfully detained under § 1225(b)(2)). As Respondents only argue that Petitioner was detained pursuant to § 1225(b)(2), and have not argued that Petitioner was lawfully detained pursuant to § 1226(a) or any other statutory authority, the appropriate remedy is Petitioner's immediate release. *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Petitioner was unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P.*, 2025 WL 3013328, at *7–8 (same); *Morillo v. Albarran*, No. 1:25-CV-01533-DJC-AC, 2025 WL 3190899, at *5 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *6 (E.D. Cal. Dec. 22, 2025); *Najarro-Ortega v. Warden of the California City Det. Facility*, No. 1:26-CV-1994-DC-JDP, 2026 WL 1142838, at *4 (E.D. Cal. Apr. 28, 2026), *report and recommendation adopted*, No. 1:26-CV-01994-DC-JDP (HC), 2026 WL 1283365 (E.D. Cal. May 11, 2026); *Vazquez-Reyes v. Warden, California City Corr. Ctr.*, No. 1:26-CV-3122-DC-AC, 2026 WL 1481556, at *2–3 (E.D. Cal. May 27, 2026), *report and recommendation adopted*, No. 1:26-CV-03122-DC-AC (HC), 2026 WL 1661346 (E.D. Cal. June 9, 2026).

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless they are determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

4. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 24, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California